**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3678-21

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

DENIS A. CATANIA,

     Defendant-Appellant.

_____

Submitted November 14, 2023 – Decided November 21, 2023

Before Judges Haas and Puglisi.

On appeal from the Superior Court of New Jersey, Law Division, Atlantic County, Indictment No. 13-03-0859.

Joseph E. Krakora, Public Defender, attorney for appellant (Steven M. Gilson, Designated Counsel, on the brief).

William E. Reynolds, Atlantic County Prosecutor, attorney for respondent (Mario C. Formica, Chief Counsel to the Prosecutor, of counsel; Courtney Cittadini, Section Chief, and Linda A. Shashoua, Assistant Prosecutor, on the briefs).

Appellant filed a pro se supplemental brief.

PER CURIAM

Defendant Denis A. Catania appeals from the Law Division's May 17, 2022 order denying his petition for post-conviction relief (PCR) without an evidentiary hearing.  We affirm.

The underlying facts concerning defendant's conviction following a guilty plea to first-degree aggravated manslaughter are set forth in our prior opinion on defendant's direct appeal in State v. Catania, No. A-1757-13 (App. Div. Mar. 27, 2017), certif. denied, 230 N.J. 602 (2017), cert. denied, ___ U.S. ___ 2018. Therefore, those facts will not be repeated here in detail.

Suffice it to say, the State's proofs indicated that after defendant learned the victim was having an affair with defendant's girlfriend, defendant lured the victim to his home.  Catania. slip op. at 21-23.  When the victim arrived, defendant rushed out of a back room, brandished a starter pistol, and ordered the victim to the floor.  Id. at 22.  The victim made an attempt to fight back, but defendant's accomplice struck the victim and defendant hit him several times with the weapon.  Ibid. Defendant then choked the victim until he believed he was dead.  Ibid. Defendant wrapped the victim in a sheet, put him in the car the victim had driven to the home, and drove to another location, where he burned

the car and the body.  Id. at 22-23.  It was possible that the victim was incapacitated but still alive when defendant incinerated him.  Id. at 23.

We affirmed defendant's conviction and his twenty-five-year prison sentence, which was subject to the No Early Release Act, N.J.S.A. 2C:43-7.2. Id. at 7.  Defendant later filed a timely petition for PCR.

Among other things, defendant claimed that his trial counsel was ineffective because he did not advise defendant that he could raise a self-defense or the defense of another person[1] argument at trial.  According to defendant, he immediately attacked the victim when he entered defendant's home because he was afraid the victim was going to sexually assault his girlfriend.  Had he known that this could constitute self-defense or defense of another, defendant asserted he would have insisted on going to trial.

Defendant's contention was rejected by the trial court, which concluded that defendant did not satisfy the two-prong test of Strickland v. Washington, 466 U.S. 668, 687 (1984), which requires a showing that trial counsel's performance was deficient and that, but for the deficient performance, the result would have been different.  The court stated:

> Based on the applicable law, defendant's counsel was
> not ineffective for failing [to raise] the argument of

---

[1] The other person in this scenario would have been defendant's girlfriend.

self-defense or defense of others. While defendant argues self-defense and defense of others [were] appropriate based upon the victim's previous alleged sexual harassment encounter with [defendant's girlfriend], that is simply not the case. Defendant fails to meet the immediacy requirement of N.J.S.A. 2C:3-4 as the sexual harassment encounter between the victim and [defendant's girlfriend] had long passed. Instead, defendant conspired to lure the victim to the residen[ce] for this attack. There is no plausible self-defense or defense of others claim that could adequately be raised, and counsel cannot be deemed as ineffective for simply failing to raise this illogical argument. Counsel was not ineffective, instead, counsel acted efficiently and effectively under the circumstances.

Further, defendant was not prejudiced because of counsel's actions. Although counsel did not raise the defense of self-defense or defense of others, this would not ultimately change the results of the case and was not [a] cognizable defense under [the] facts of the case. Instead, the rule is inapplicable based upon the circumstances at hand. Defendant has provided no evidence to establish prejudice. Instead, this is merely a bald assertion. Counsel cannot be considered [in]effective on this basis.

On appeal, defendant raises the following contention:

THIS MATTER MUST BE REMANDED FOR AN EVIDENTIARY HEARING BECAUSE DEFENDANT ESTABLISHED A PRIMA FACIE CASE OF DEFENSE COUNSEL'S INEFFECTIVENESS FOR NOT INFORMING DEFENDANT THAT HE COULD INTERPOSE SELF-DEFENSE AND/OR THE DEFENSE OF [HIS GIRLFRIEND].

4

In addition, defendant raised the following issue in his pro se supplemental brief:

> THIS MATTER MUST BE REMANDED BACK TO THE LOWER COURT FOR AN EVIDENTIARY HEARING BECAUSE THE PCR COURT FAILED TO PROPERLY ADDRESS THE APPELLANT'S INEFFECTIVE ASSISTANCE OF COUNSEL CLAIM FOR FAILURE TO HIRE A[] MEDICAL EXPERT TO DETERMINE BOTH THE TIME AND CAUSE OF DEATH BASED ON THE FOOD CONTENTS FOUND IN [THE VICTIM'S] STOMACH.[2]

When petitioning for PCR, the defendant must establish, by a preponderance of the credible evidence, that he is entitled to the requested relief. State v. Nash, 212 N.J. 518, 541 (2013); State v. Preciose, 129 N.J. 451, 459 (1992). To sustain that burden, the defendant must allege and articulate specific facts that "provide the court with an adequate basis on which to rest its decision." State v. Mitchell, 126 N.J. 565, 579 (1992).

The mere raising of a claim for PCR does not entitle the defendant to an evidentiary hearing and the defendant "must do more than make bald assertions that he was denied the effective assistance of counsel." State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999). Rather, trial courts should grant

---

[2] Based upon our review of the record and the applicable law, we are satisfied that defendant's supplemental contention is clearly without merit and does not warrant further discussion. R. 2:11-3(e)(2).

evidentiary hearings and make a determination on the merits only if the defendant has presented a prima facie claim of ineffective assistance, material issues of disputed facts lie outside the record, and resolution of the issues necessitates a hearing. R. 3:22-10(b); State v. Porter, 216 N.J. 343, 355 (2013). We review a trial court's decision to deny a PCR petition without an evidentiary hearing for abuse of discretion. Preciose, 129 N.J. at 462.

To establish a prima facie claim of ineffective assistance of counsel, the defendant is obliged to show not only the particular manner in which counsel's performance was deficient, but also that the deficiency prejudiced his right to a fair trial. Strickland, 466 U.S. at 687; State v. Fritz, 105 N.J. 42, 58 (1987). There is a strong presumption that counsel "rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Strickland, 466 U.S. at 690. Further, because prejudice is not presumed, Fritz, 105 N.J. at 52, the defendant must demonstrate "how specific errors of counsel undermined the reliability" of the proceeding. United States v. Cronic, 466 U.S. 648, 659 n.26 (1984).

Having considered defendant's contentions in light of the record and the applicable law, we affirm the denial of defendant's PCR petition substantially for the reasons detailed in the trial court's written opinion. We discern no abuse

of discretion in the court's consideration of the issues, or in its decision to deny the petition without an evidentiary hearing. We are satisfied that the trial attorney's performance was not deficient, and defendant provided nothing more than a bald assertion to the contrary.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3678-21